IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELOY CARDENA | § | |
| | § | |
| v. | § | C.A. NO. C-08-399 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Wynne Unit in

Huntsville, Texas.  On December 29, 2008, he filed this pro se habeas corpus

petition pursuant to 28 U.S.C. § 2254, challenging his conviction and life sentence

for possession of cocaine with intent to distribute.  (D.E. 1).  On April 13, 2009,

respondent filed a motion for summary judgment, arguing that the habeas petition

is without merit.  (D.E. 14).  On April 27, 2009, the petitioner filed a response in

opposition.  (D.E. 16).  For the reasons stated herein, it is respectfully

recommended that the respondent's motion for summary judgment be granted, and

that this habeas petition be dismissed with prejudice.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined or where the conviction was obtained.  Wadsworth v. Johnson,

235 F.3d 959, 961-62 (5th Cir. 2002).

## II.  <u>BACKGROUND</u>

Respondent has lawful custody of petitioner pursuant to a judgment and sentence of the 319th Judicial District Court of Nueces County, Texas, in cause number 05-CR-3020-G.  <u>Ex parte Cardenas</u>,[1] App. No. 52,184-02, at Clerk's Summary Sheet.  On May 11, 2006, petitioner made an open plea of guilty on the charge of possession of cocaine with intent to deliver, a first-degree felony.  <u>Id.</u> at 68.  He was additionally charged as a habitual felony offender with two prior felony convictions in an enhancement paragraph.  <u>Id.</u>  He pleaded not true to the enhancement charge, but the trial court found the enhancement to be true and sentenced him to life imprisonment in the Texas Department of Criminal Justice - Correctional Institutions Division, consistent with the prosecutor's recommendation.

On July 19, 2007, the Thirteenth Court of Appeals affirmed petitioner's conviction and sentence, finding that he had made a knowing, voluntary, and intelligent plea of guilty, and that he failed to establish claims of ineffective assistance of counsel and prosecutorial vindictiveness.  <u>Cardena v. State</u>, No. 13-

---

[1] Petitioner is also known as Abraham Cardenas.  <u>See</u> <u>Ex parte Cardenas</u>, App. No. 52,184-02, at Clerk's Summary Sheet.

2

06-293-CR, 2007 WL 2052562 (Tex. App. July 19, 2007) (unpublished).  On

January 23, 2008, the Texas Court of Criminal Appeals refused his petition for

discretionary review.  <u>Cardena v. State</u>, PDR No. 1140-07, at cover.

On September 10, 2008, petitioner filed an application for state habeas

review.  <u>Ex parte Cardenas</u>, App. No. 52,184-02, at 2.  That application was denied

without written order on November 19, 2008.  <u>Id.</u> at cover.  On December 29,

2008, he timely filed this petition.[2]

### III.  <u>STANDARD OF REVIEW</u>

**A.      Summary Judgment Standard.**

The Fifth Circuit has explained that "[a]s a general principle, Rule 56 of the

Federal Rules of Civil Procedure, relating to summary judgment, applies with

equal force in the context of habeas corpus cases."  <u>Clark v. Johnson</u>, 202 F.3d

760, 764 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate

when there is no disputed issue of material fact, and one party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The party seeking summary judgment bears the initial burden of

demonstrating an absence of a genuine issue of material fact and informing the

---

[2] Respondent concedes that the petition is not successive and that petitioner has exhausted his administrative remedies.  (D.E. 14, at 5).

court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 961 (5th Cir. 1988) (citations omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986) (citations omitted); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citations omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citation omitted).

**B.     Federal Habeas Corpus Standard Of Review Pursuant To AEDPA.**

Federal habeas relief is available to a state prisoner only if he is being held

in violation of the Constitution, laws or treaties of the United States.  Boyd v.

Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citations omitted).  Pursuant

to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), courts

may not grant habeas relief unless a petitioner demonstrates that the state court's

decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law," or was "based on an unreasonable determination in light

of the facts."  28 U.S.C. § 2254(d).  Thus, "federal habeas relief is only merited

where the state court decision is both incorrect *and* objectively unreasonable."

Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing

Williams v. Taylor, 529 U.S. 362, 411 (2000)); see also Riddle v. Cockrell, 288

F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure that state-court

convictions are given effect to the extent possible under law."  Bell v. Cone, 535

U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable

application" clauses of § 2254(d)(1) have independent meanings.  Id. at 694 (citing

Williams, 529 U.S. at 404-05).  The Bell Court elaborated on the distinctions

between "contrary to" and an "unreasonable application:"

> A federal habeas court may issue the writ under the
> "contrary to" clause if the state court applies a rule
> different from the governing law set forth in our cases, or
> if it decides cases differently than we have done on a set
> of materially indistinguishable facts.  The court may
> grant relief under the "unreasonable application" clause if
> the state court correctly identifies the governing legal
> principle from our decisions but unreasonably applies it
> to the facts of the particular case.  The focus of the latter
> inquiry is on whether the state court's application of
> clearly established federal law is objectively
> unreasonable, and we stressed in *Williams* that an
> unreasonable application is different from an incorrect
> one.

Id. (citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's 'decision' and not the written opinion explaining that decision.'"  St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003) (citation omitted).  The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning."

6

Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001).  Furthermore, a state

court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as

neither the reasoning nor the result of the state-court decision contradicts them.'"

Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8

(2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is

available if a state court decision is objectively unreasonable.  Montoya v. Johnson,

226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it]

conclude[s] that the state court decision applies the correct legal rule to a given set

of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner

v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary to" test, the

focus of the "unreasonable application" test is "on the ultimate legal conclusion

that the state court reached and not on whether the state court considered and

discussed every angle of evidence."  Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state

court's findings of fact unless the petitioner 'rebut[s] the presumption of

correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting

28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to

adjudications made during state post-conviction proceedings.  Id.  The burden to

7

rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair." Id. (citing Valdez v. Cockrell, 247 F.3d 941, 950-51 (5th Cir. 2001)). In some circumstances, findings of fact may be implied from conclusions of law. See Valdez, 274 F.3d at 948, n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

## C.  AEDPA's Deferential Standard of Review Applies To Petitioner's Claims.

The Texas courts have already considered and rejected all of petitioner's claims. Ex parte Cardenas, App. No. 52,184-02, at cover. The claims that he pursues in the instant petition were raised in his state habeas corpus application. (D.E. 1, at 7-10); Ex parte Cardenas, App. No. 52,184-02, at 7-10. The State filed an answer, and the trial court entered its findings, conclusions, and recommendation that petitioner's claims be denied. Ex parte Cardenas, App. No. 52,184-02, at 18-29. The Texas Court of Criminal Appeals then denied his state habeas application without written order based on the findings of the trial court. Id. at cover.

This denial of petitioner's application, even though it does not contain a

written opinion, is not silent or ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding a "denial" signifies an adjudication on the merits).  It is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal, 286 F.3d at 235 ("In the context of federal habeas proceedings, adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive.") (citation omitted). Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.

## IV. <u>ANALYSIS</u>

**A.    Petitioner's Claim That His Guilty Plea Was Not Knowing, Intelligent, and Voluntary.**

Petitioner first claims that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to admonish him as to the range of punishment he faced for the charges against him.  (D.E. 1, at 10); (D.E. 16, at 8-10).

The Fifth Circuit has explained that "[a] federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent."  James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995) (citing Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985)).  In making this determination, the court will look to see if the "defendant understood the nature and substance of

the charges against him, and not necessarily whether he understood their technical legal effect."  Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991) (citations omitted).  Where a defendant understands the charges against him and the consequences of a guilty plea, and voluntarily chooses to plead guilty, the plea should be upheld.  Diaz v. Martin, 718 F.2d 1372, 1376-77 (5th Cir. 1983).  The Fifth Circuit has held that "'[a]s long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." Hobbs, 752 F.2d at 1082 (quoting Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)); see also Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (per curiam) (a habeas petitioner's claim that his guilty plea was unknowing and involuntary was meritless because he had been properly admonished, and was aware of maximum prison term and fines for the charged offense).

The Supreme Court has held that "the representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  In court declarations "carry a strong presumption of verity."  Id. at 74.  A petitioner attacking these "solemn declarations" based on "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in

the face of the record are wholly incredible." Id. (citations omitted).  This

formidable barrier, however, does "not foreclose proof at a later time that those

[declarations] were themselves involuntary."  Flores v. Estelle, 578 F.2d 80, 83

(5th Cir. 1978) (citations omitted).

Here, petitioner asserts that he was not properly admonished by the trial

court of the range of punishment applicable to his case, and that he therefore turned

down an offer of a ten-year sentence only to receive a life sentence.  (D.E. 1, at 7).

His argument is predicated largely on the fact that the trial court did not orally

admonish him, and that he did not initial the portion of the written admonishments

informing him that he faced up to a life sentence.  Id. at 8.

The record indicates that petitioner did not initial the sentence indicating that

he was aware of the range of punishment applicable in his case.  Ex parte

Cardenas, App. 52,184-02, Clerk's Record, at 12.  However, he did sign the written

admonishments and other paperwork, which clearly indicated that he faced a life

sentence.  Id.  At the hearing on his guilty plea, he affirmed that he had read the

admonishments and understood them.  Id., Reporter's Record, Vol. 2, at 5-6.

Moreover, at the hearing, he was asked by his attorney whether he understood that

if the trial court found the enhancement allegation to be true, he faced a sentence of

twenty-five years to life imprisonment; he replied that he understood.  Id. at 9.  He

11

was also informed by the prosecutor that, as a habitual felony offender, he faced a possible life sentence.  Id. at 16.

At the hearing on his guilty plea, petitioner indicated that he turned down the offer of a ten-year sentence because he intended to ask the court to place him on probation so that he could seek drug treatment.  Id. at 9-10.  At the hearing on the motion for reconsideration, he indicated that he "didn't really think [he] was going to get a life sentence."  Id., Vol. 3, at 7.  The record establishes, however, that petitioner was in fact aware of the possibility that he would be sentenced to life imprisonment.  He turned down a plea offer in the hopes that he would receive mercy from the court.  He was disappointed.  However, this is not a constitutional violation.  Accordingly, it is respectfully recommended that petitioner's claim with respect to his guilty plea is without merit.

**B.     Petitioner's Claim That His Sentence Was The Result Of Prosecutorial Vindictiveness.**

Petitioner also asserts that the prosecutor's request for a life sentence after he rejected the offer of a ten-year sentence was impermissibly vindictive.  (D.E. 1, at 7).

The Supreme Court has explained that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'"  United States v. Goodwin, 457 U.S. 368, 372 (1982) (quoting

Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)).  "Thus, a prosecutor may not increase the charge against a defendant solely as a penalty for invoking a right...." United States v. Saltzman, 537 F.3d 353, 359 (5th Cir. 2008) (citation omitted). Courts will apply a presumption of vindictiveness only where there is a realistic likelihood of such vindictiveness.  Id. (citations omitted).  The Supreme Court has clarified that "the State's unilateral imposition of a penalty on a defendant who had chosen to attack his original conviction [is] a situation 'very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power.'" Bordenkircher, 434 U.S. at 362 (citation omitted).  Accordingly, "[w]hile confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'– and permissible – 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'"  Id. at 364 (citations omitted).

In Bordenkircher, the Supreme Court upheld the decision to charge a defendant as a habitual felony offender after he refused to enter a guilty plea, resulting in a life sentence for a check forgery on which the prosecution was offering to recommend a five-year sentence.  Id. at 358-59.  The Court concluded

that the prosecutor's decision to make good on his threat that the defendant would face a habitual offender charge should he not accept the plea offer was merely part of the give-and-take of plea bargaining, and did not indicate vindictiveness.  <u>Id.</u> at 365.  Similarly, the Fifth Circuit held that it was not vindictive for the prosecutor to indict the defendant on additional charges after the withdrawal of a guilty plea. <u>Saltzman</u>, 537 F.3d at 361.

Here, petitioner rejected the prosecutor's offer of a ten-year sentence and took an open plea to the trial court.  Petitioner was indicted on February 16, 2006 for possession of cocaine with intent to deliver, a first degree felony.  <u>Ex parte Cardenas</u>, App. No. 52,184-02, at 31-32.  That February 16, 2006 indictment also included an enhancement allegation, charging that he had two prior felony convictions.  <u>Id.</u> at 32.  Accordingly, petitioner was subject from the beginning of the plea negotiations to a possible life sentence.  When he rejected the offer of a ten-year sentence, the prosecutor asked for a life sentence, which was within the punishment range for his offense.  It is respectfully recommended that there is no material distinction between this case and <u>Bordenkircher</u> or <u>Saltzman</u>; therefore, it is respectfully recommended that petitioner's claim is without merit.

**C.     Petitioner's Claim That He Received Ineffective Assistance Of Counsel.**

Finally, petitioner claims that his trial counsel was ineffective because he failed to ensure that petitioner understood the range of punishment he faced for the charges against him, and because he failed to object to the prosecutor's vindictive request for a life sentence.  (D.E. 1, at 7).

The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a Strickland claim must be accepted unless it was an unreasonable application of its teaching."  Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir. 2006).  To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  The petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998) (citations omitted).

Counsel's challenged conduct should be evaluated from the perspective of

counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the

difficulties inherent in engaging in this analysis without being tainted by "the

distorting effects of hindsight," a court's review should be highly deferential to

counsel.  Id. at 689.  The reviewing court must give great deference to counsel's

performance, strongly presuming that counsel has exercised reasonable

professional judgment.  Id. at 690; accord Romero v. Lynaugh, 884 F.2d 871, 876

(5th Cir. 1989).

     The Fifth Circuit has explained that due to "the almost infinite variety of

possible trial techniques and tactics available to counsel, this Circuit is careful not

to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228

(5th Cir. 1993).  In addition, it has held "[a] conscious and informed decision on

trial tactics and strategy cannot be the basis for constitutionally ineffective

assistance of counsel unless it is so ill chosen that it permeates the entire trial with

obvious unfairness."  Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004)

(citations omitted).  However, a reviewing court need not consider the deficiency

prong if it concludes that the defendant has demonstrated no prejudice.  Strickland,

466 U.S. at 697.

     The second prong of the Strickland two-part test is the actual prejudice

prong.  Petitioner may not simply allege, but must affirmatively prove, prejudice.

16

Id. at 693.  Thus, he must affirmatively show how the actions of his counsel deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance) (citations omitted).

Petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  As the Fifth Circuit has firmly established, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue.  Miller v. Johnson, 200 F.3d 274, 281-86 (5th Cir. 2000).  The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner],... we [can find] no merit to these claims.'"  Id. at 282 (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Petitioner has the burden of proof in a habeas proceeding attacking the effectiveness of counsel.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

He must demonstrate that his counsel's representation was unreasonable, and that he suffered actual prejudice.  Id. (citation omitted).  The Fifth Circuit has held that "[t]he failure to prove either deficient performance or actual prejudice forecloses an ineffective assistance claim."  Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998).  A court may dispose of an ineffective assistance of counsel claim by showing the petitioner failed to meet either prong; it is not necessary for the court to address both prongs.  Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995) (citations omitted).

The Strickland test applies to cases where a defendant who pleaded guilty is claiming ineffective assistance of counsel in his habeas petition.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  This requires the petitioner to show constitutionally ineffective assistance compared to professional standards and a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59.

First, petitioner fails to establish any error on the part of counsel.  The record establishes that he was aware of the possibility of a life sentence, but that he took an open plea in the hopes that the trial court would place him on probation.  Ex parte Cardenas, App. No. 52,184-02, Reporter's Record, Vol. 2, at 5-12.  There is no indication that his plea was not knowing, intelligent and voluntary.

18

Furthermore, the record does not establish prosecutorial vindictiveness; petitioner's trial counsel cannot have been ineffective for failing to object to an error that did not exist. Petitioner also fails to show that he suffered any prejudice due to his trial counsel's alleged errors; he does not assert that he would not have pled guilty but for counsel's ineffective assistance, but rather that he would have taken the original plea offer. (D.E. 1, at 7). Accordingly, it is respectfully recommended that petitioner's ineffective assistance claim is without merit.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

19

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the

20

denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VI.  <u>RECOMMENDATION</u>

Based on the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 14), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed with prejudice.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 26th day of May 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).